IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 2:18-CR-054-D |
| VS. | § |
| | § |
| ROBIN JEANETTE MARKS, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Robin Jeanette Marks ("Marks") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on alleged extraordinary and compelling reasons. For the reasons that follow, the court denies the motion.

I

Marks pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii)). On July 25, 2019 the court sentenced her to 151 months' imprisonment to be followed by 5 years of supervised release. On March 9, 2023 Marks filed a petition for relief pursuant to First Step Act section 404 (Fair Sentencing Act) & Amendment 750, which this court denied. Marks then filed, on January 22, 2024, a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. The court granted the motion for reduction of sentence, and reduced Marks's sentence from 151 months to 135 months.

On October 22, 2024 Marks filed the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The court ordered the government to file a response, which it did on December 5, 2024. Marks's reply, had she opted to file one, was due on January 2, 2025. Marks's motion is now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district

---

[1] Marks contends that on March 14, 2024 she submitted a handwritten BP10 administrative remedy to the regional office via certified mail; that on March 24, 2024 she petitioned SPX-Phoenix Warden Gunther for compassionate release using the facility's TRULINCS message system; and that her request for compassionate release was denied on May 30, 2024. She also attaches to her motion what appear to be copies of the referenced requests and denial. Because doing so does not change the outcome in the decision on Marks's motion, the court will assume *arguendo* that she exhausted her administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Marks moves for compassionate release[2] based on four extraordinary and compelling reasons: two incidents of sexual abuse[3] at the hands of BOP corrections staff that occurred

---

[2]In the letter attached to her motion, Marks requests that she be "transferred to pre-release custody/supervised custody." D. Mot. (ECF No. 48-1) at 7; *see also id.* at 35 (requesting a "return to her home to her familial setting where she could serve the remainder of her term under home confinement and/or supervised release"). To the extent that Marks requests release to home confinement, the court is not authorized to grant this relief. Decisions regarding prisoner housing designations, including release to home confinement, are reserved exclusively to the BOP, because they involve specialized determinations uniquely within its expertise. *See* 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"); *see also United States v. Ahmed*, 2020 WL 4287561, at *3 (S.D. Tex. July 27, 2020) ("Because the BOP has the exclusive authority to determine where a prisoner is housed, the district courts are without authority to order home confinement." (citing cases)).

[3]Under U.S.S.G. § 1B1.13(b)(4), extraordinary and compelling reasons exist if:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

during the 10 months when she was housed at FCI-Dublin; past and current medical malfeasance, mistreatment, and inadequacies and medical conditions, including panic attacks, irritable bowel syndrome, chronic foot pain, and complications after her September 2024 hysterectomy, which have arisen "as a direct result of the dereliction of the [BOP] medical facilities, medical staff and mental health staff failures," D. Mot. (ECF No. 48-1) at 11; her significant rehabilitation milestones and achievements; and the current and past harsh treatment and "decrepit," conditions at the facilities where she has been housed, *id.* at 29.

Because the court concludes below that Marks's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that she has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

---

> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Marks is currently serving a 135-month sentence (which has already been reduced) for conspiring to distribute a large amount of cocaine, a drug that is extremely deleterious to users and the community at large. In addition to this cocaine, Marks was also found responsible for 9,063 grams of fentanyl and 45.8 grams of heroin and was under a sentence of deferred adjudication for another controlled substance offense when she

committed her offense of conviction. Marks is not eligible for release from prison until May 22, 2027. If the court grants her motion, it will be ordering her released more than *2 years* before she would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

   Weighing the pertinent § 3553(a) factors together, the court concludes that Marks's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\*   \*   \*

Accordingly, Marks's October 22, 2024 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

March 5, 2025.

                                                        SIDNEY A. FITZWATER
                                                        SENIOR JUDGE